IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL HANNA, :
:
        Petitioner, :
:
v. :   CASE NO. 4:16-CV-375-CDL-MSH
:        28 U.S.C. § 2241
LORETTA LYNCH, *et al.*, :
:
        Respondents. :
_____

## **ORDER AND REPORT AND RECOMMENDATION**

Presently pending before the Court are Petitioner's application for habeas relief (ECF No. 1) and motion for judgment on the pleadings or evidentiary hearing (ECF No. 14). For the reasons explained below, it is recommended that Petitioner's application for habeas relief be granted and Respondents be given seven days within which to conduct an individualized bond inquiry. Further, it is ordered that Petitioner's motions be dismissed as moot.

## **BACKGROUND**

Petitioner is a citizen of the Syrian Arab Republic ("Syria"). Pet. 6, ECF No. 1. He first entered the United States on June 1, 1985, as a non-immigrant visitor. *Id*. On February 12, 1998, Petitioner became a lawful permanent resident. *Id.* Since then, he has twice been convicted of crimes in federal court. On July 26, 2004, in the United States District Court for the Southern District of New York, Petitioner pled guilty to trafficking in counterfeit goods in violation of 18 U.S.C. § 2320 and was sentenced to two years probation. *Id.* at 7.

In January 2011, Petitioner was sentenced to five years in prison in the United States District Court for the District of New Jersey after being convicted of conspiring to defraud the United States in violation of 18 U.S.C. § 371. *Id.*

On April 13, 2015, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") to Petitioner alleging he was removable under both 8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor . . . [or] the convictions were in a single trial, is deportable") and 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable"). Pet. 7. On August 15, 2015, he was detained by U.S. Customs and Immigration Enforcement ("ICE") and has remained in custody at Stewart Detention Center since then. *Id.* at 8.

Petitioner's administrative proceedings have been ongoing since his detention began. On October 6, 2015, he appeared before an immigration judge ("IJ") for a preliminary master calendar hearing. *Id.* On February 18, 2016, Petitioner appeared for an individual merits hearing where the IJ determined that deferral of removal was the only relief Petitioner was eligible for and granted that relief. *Id.* DHS appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). *Id.* The BIA remanded the case to the IJ. *Id.* Petitioner then appeared for a bond redetermination hearing but his bond motion was

denied.[1]  Pet. 9.  Petitioner appeared for another master calendar hearing on October 12, 2016, and the IJ scheduled a merits hearing for May 7, 2017.  *Id*. at 10.  On November 10, 2016, Petitioner appeared for another bond redetermination hearing but his motion was again denied.[2]  Pet. 10-11.  The IJ issued a written decision granting Petitioner deferral of removal on May 11, 2017.  Pet'r's Mot. for J. on the Pleadings 4, ECF No. 14.  DHS also appealed that decision to the BIA.  *Id.*

Meanwhile, Petitioner filed his application for habeas relief on December 2, 2016.  He has been detained for twenty-nine consecutive months.  His two prior bond hearings were decided on jurisdictional rather than substantive grounds.  Petitioner seeks an order directing the immigration court to schedule a bond hearing where his substantive claims would be considered.[3]

## DISCUSSION

**I.**     ***Sopo*** **Analysis**

Petitioner asserts that he is entitled to a bond hearing under *Sopo v. U.S. Attorney General*, 825 F.3d 1199 (11th Cir. 2016).  Pet. 17.  In *Sopo*, the Eleventh Circuit construed the mandatory detention provision—8 U.S.C. § 1226(c)—"to contain an implicit temporal

---

[1] Petitioner states that the IJ did not consider the merits of his Bond motion and denied his motion only on the grounds that he was subject to mandatory detention and had not filed a petition for habeas relief.  Pet. 9, ECF No. 1.

[2] Petitioner asserts that the IJ also denied this motion only on jurisdictional grounds without considering its merits.

[3] "[Petitioner prays for relief in the form of] a writ of habeas corpus directing the Immigration Court to immediately schedule a bond hearing that takes into consideration the negation of flight risk as a result of ICE's inability to remove the Petitioner to Syria, as well as equities, ties, and dangerousness."  Pet. 27.

3

limitation" requiring that the government provide "an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." *Sopo*, 825 F.3d at 1214. The Court "must consult the record and balance the government's interest in continued detention against the criminal alien's liberty interest, always seeking to determine whether the alien's liberty interest has begun to outweigh 'any justification for using presumptions to detain him without bond.'" *Id*. at 1218-19 (quoting *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015). A court considers the following factors, *inter alia*, in balancing these interests: (1) the amount of time the alien has been in civil detention without a bond hearing; (2) the reason(s) for the protracted removal proceedings;

> "(3) whether it will be possible to remove the criminal alien after there is a final order of removal; (4) whether the alien's civil immigration detention exceeds the time the alien spent in prison for the crime that rendered him removable; and (5) whether the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention."

*Id.* at 1218.

Applying the above factors to this case, it is clear that Petitioner is entitled to an individualized bond hearing. Petitioner has been detained for nearly two and a half years. He has not "sought repeated or unnecessary continuances, or filed frivolous claims and appeals." *Sopo* 825 F.3d at 1218 (citing *Diop v. ICE/Homeland Sec*., 656 F.3d 221, 234 (3d Cir. 2011). Respondents admit that no aliens have been successfully removed to Syria since 2012, and Petitioner's removal has been deferred by the immigration judge. Resp. to Ct. Order 1, ECF No. 12 ("Due to the state of unrest in Syria, Immigration and Customs Enforcement has not removed any aliens to Syria since 2012."); Pet'r's Mot. for J. on the

4

Pleadings 4. Finally, the Eleventh Circuit has described the facility where Petitioner is detained—Stewart Detention Center—as "prison-like." *Sopo* 825 F.3d at 1221.

Thus, the first, second, third, and fifth factors all weigh in Petitioner's favor. Only the fourth factor counsels against granting relief, because Petitioner's time in detention (29 months) is less than the time he spent in prison for the crime which rendered him removable (60 months).[4] Respondents have made no substantive arguments regarding the reasonableness of Petitioner's detention without a proper bond hearing. Instead, Respondents have only contested Petitioner's request for immediate release. Resp. to Ct. Order 3, Jan. 17, 2017, ECF No. 9 ("Hanna's immediate release is not appropriate under *Sopo*. Rather, if the Court finds that Hanna's detention has become unreasonably prolonged, any remedy is limited to the Court ordering ICE and the immigration court to determine the appropriateness of giving Hanna bond under 8 C.F.R. § 1236.1(c) and (d)."); *see* Resp. to Pet'r's Mot. for J. on the Pleadings 5, ECF No. 15.

Petitioner's continued detention without an individualized bond determination violates due process. *See Sopo* 825 F.3d at 1221. ("There can be no question that [Petitioner's] detention . . . without further inquiry into whether it was necessary to ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, is unreasonable and, therefore, a violation of the Due Process Clause."). Accordingly, it is recommended that Petitioner's application for habeas relief be granted and Respondents be

---

[4] The Court basis this calculation on the five-year sentence imposed upon Petitioner, as the record does not contain a specific date for his release from prison. *See* Pet. 7.

ordered to provide Petitioner with an individualized bond determination within seven days.[5]

## II. Motion for Judgment

On June 14, 2017, Petitioner moved for the Court to schedule an evidentiary hearing or "issue an order granting the Petitioner's immediate release from custody." Pet'r's Mot. for J. on the Pleadings 2. In considering the merits of this case the Court has not found an evidentiary hearing necessary. Accordingly, Petitioner's request for an evidentiary hearing is denied. Rules Governing § 2254 Cases in the U.S. District Courts 8(a)-(b). Further, the Court has considered the merits of Petitioner's application for habeas relief and recommended that it be granted.[6] Therefore, Petitioner's motion to issue an order (ECF No. 14) is denied as moot.[7]

## CONCLUSION

For the reasons explained above, Petitioner's motion for a hearing or judgment on the pleadings (ECF No. 14) is dismissed. It is recommended that Petitioner's application for habeas relief (ECF No. 1) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties

---

[5] Under *Sopo v. U.S. Att'y General*, 825 F.3d 1199, 1219 (11th Cir. 2016) the bond hearing must be conducted "under the procedures outlined in 8 C.F.R. § 1236.1(c)(8) and (d)."

[6] Petitioner's motion for judgment states that his "immediate release is appropriate considering the Immigration Judge's failure to provide the Respondent with the very due process guaranteed by the Eleventh Circuit's decision in *Sopo*[.]" Pet'r's Mot. for J. on the Pleadings 7, ECF No. 14. However, Petitioner is eligible only for relief in the form of an individualized bond hearing, and that is the relief the Court recommends be granted. *See Sopo*, 825 F.3d at 1220 ("We recognize that, by the time a criminal alien becomes eligible for a bond hearing, he has already experienced a lengthy detention. That detention, however, occurs because Congress enacted the mandatory detention statute in § 1226(c), a statutory approach that comparatively disadvantages aliens who commit crimes over law-abiding aliens in removal proceedings.").

may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 24th day of January, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE